A. GELABERT & CO., PLAINTIFFS AND APPELLANTS, *v.*
HERNÁNDEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for Performance of Executory Contract.

No. 2763.—Decided May 11, 1923.

PROMISSORY NOTE—CONTRACT—MERCANTILE SECURITY—EVIDENCE.—Aside from the fact that a mercantile security must always appear in writing, the existence of an obligation to secure mercantile promissory notes amounting to more than $300 can not be proved by oral evidence alone. Section 51 of the Code of Commerce was not repealed by the Law of Evidence.

ID.—ID.—ID.—ID.—When it is sought to compel a supposed surety to perform the obligation alleged to have been contracted verbally to endorse mercantile promissory notes amounting to more than $300, the introduction in evidence of the notes signed by the debtor does not take the case out of section 51 of the Code of Commerce. The defendant having taken no part in the making of the notes, each of them was clearly *res inter alios acta.*

ID.—ID.—ID.—ID.—CONSIDERATION—When a contract is not reduced to writing and the complaint fails to state a cause of action it is doubtful that the presumption of section 1244 of the Civil Code is applicable. At all events, it seems that the letter and spirit of section 51 of the Code of Commerce require something more than oral evidence for reducing·a contract to form.

The facts are stated in the opinion.

Messrs. *López de Tord & Zayas Pizarro* for the appellants.

Mr. *D. Sepúlveda* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainants set up as a cause of action and the oral proof tended to show that Inocencio Ortiz was indebted to the complainants and desired a further credit; that the said Inocencio Ortiz, to obtain this additional credit, offered to supply a surety in the person of Eliezer Hernández, the defendant; that the said defendant agreed verbally to become responsible for a certain sum and agreed to sign certain promissory notes as soon as they were signed by Inocencio Ortiz; that the said notes were signed by Ortiz, and according to the complaint, their "consideration or cause arose in consideration of the obligation which Eliezer Hernández had assumed to sign the said notes" and subsequently that Eliezer Hernández refused to sign them, and that he failed to pay one of notes that matured on February 14, 1921.

Despite the fact that the complaint recites the failure of defendant to pay one of a series of notes, this is not an action to recover money, but solely and exclusively to compel Eliezer Hernández to sign said notes and to hold that he is responsible for their payment. Ortiz is not made a party and there is no claim for payment.

On the conclusion of complainant's testimony the de-

fendant moved for a judgment of nonsuit, also alleging that the complaint failed to state a cause of action. The court rendered a judgment of nonsuit.

If an obligation already exists, then to ask the court to declare that such an obligation does in fact exist would seem to be a purely academic question. The complainants, if they have an obligation, should proceed to compel the defendant to perform the obligation. Something more of this we shall see when we come to discuss the motion for nonsuit.

We question if any action exists in Porto Rico to compel the signing of promissory notes. The appellants base their cause of action in this regard on the following section of the Civil Code:

"Sec. 1246. Should the law require the execution of an instrument or other special formality in order to make the obligations of a contract binding, the contracting parties may compel each other to comply with said formalities from the moment in which consent and the other requirements, necessary for their validity, have taken place."

This section clearly presupposes a valid existing obligation. If there is a subsisting obligation to pay a sum of money, ordinarily no particular form is necessary to make it effective, unless section 51 of the Code of Commerce presupposes the existence of an obligation and merely relates to the form thereof. We shall examine that section in discussing the said motion of nonsuit.

When the action is to obtain the formal external evidence of the contract, like a deed, or, as here, a contract of suretyship, it would follow that the proof of the existence of such a contract should be clear, and it may be doubted if, alleging an unwritten executory contract, there exists a presumption of consideration. In other words, where there is a formal contract or where there is a delivery of land or goods under a contract, a consider-

ation is to be presumed, but it may be seriously questioned whether section 1244 of the Civil Code applies to executory, unwritten contracts. That section provides:

"Sec. 1244. Even though the consideration should not be expressed in the contract, it is presumed that it exists and that it is licit, unless the debtor proves the contrary."

"Expressed in the contract" refers to something that is formal or reduced to form. The words we have quoted from the complaint, namely, "consideration or cause arose in consideration of the obligation which Eliezer Hernández had assumed to sign the said notes," state a conclusion of law rather than the facts which show a consideration.

We come then to the motion for a nonsuit. The amount for which the surety was to be responsible was $1,106.24. The court said the law applicable to the case was section 51 of the Code of Commerce, as follows:

"Art. 51. Commercial contracts shall be valid and serve as the basis of an obligation and cause of action in suits, whatever may be the form or in whatever foreign language they are executed, the class to which they correspond, and the amount involved, provided their existence is proven by some of the means established by the civil law. However, the declaration of witnesses shall not in itself be sufficient to prove the existence of a contract the consideration of which exceeds 1,500 *pesetas* if no other evidence is adduced."

And as the amount exceeded 1,500 *pesetas* ($300) and the complainants had only presented oral proof, the court found the same insufficient and rendered judgment for the defendant.

The appellants say that section 52 of the Code of Commerce varies the rule and cite from Manresa to support them. Section 52 says:

"Art. 52. There shall be excepted from the provisions of the foregoing article:

"1. Contracts which, in accordance with this code or special laws,

must be made by an instrument or require methods or necessary formalities for their validity.

''2. Contracts executed in a foreign country in which the. law requires certain instruments, methods, or formalities for their validity, although not required by the Spanish law.

''In either case contracts which do not fulfill the requisites respectively demanded shall not be the basis for any obligation or cause of action in suits.''

We understand the matters excepted in section 52 to be exceptions from the rule stated in the first part of section 51, namely, that contracts are valid in any form except when special forms are required, and certainly a special form is required when the amount exceeds 1,500 *pesetas*. Manresa supports appellee, for he says:

''It being thus laid down so specifically that it authorizes the efficacy of the presumed consent, the ancient spiritualistic system of Castillian contracting was confronted by the difficulties of proof arising from the amplitude of the said law and the Code of Commerce of 1829 represented a complete reaction with respect to that criterion and by requiring in its provisions a written form or more solemnity even for almost all contracts, sanctioned this requirement by the nullity provided for in section 236 and added in section 238 that contracts in which the sum was in excess of 1,000 or 3,000 *reales,* as the case might be, should be reduced 'necessarily to a public or private instrument, without which they should have no binding civil force.'

''However, the spiritualistic system continued to govern civil contracts and no change was introduced in it as was the case in mercantile transactions by the special Code of 1885, somewhat eclectic on this point, for while section 51 thereof begins by stating the same spiritualistic principle of the compiled law, the use of the telegraphic form is restricted, and although attending rather to the problem of the evidence than to that of form (related thereto, although distinct), forbids any showing as to the existence of contracts in excess of 1,500 *pesetas* on the mere statements of witnesses. But what is more important, and in fact almost destroys the principle stated in section 51, is section 52 which sanctions the observance of the special forms and solemnities prescribed by the

Spanish law and by the foreign law, as the case may be, with the consequence that if they are disregarded, the contracts 'shall not be binding nor confer any right of action.' " 8 Manresa, Civil Code, 690.

The commentator said that the general principle first stated in section 51 was being annulled by section 52. The two sections may be considered together. Although promissory notes to order are required to be in writing and the appellants are seeking signatures to such promissory notes, these considerations do not take a contract of suretyship out of the rule stated in the last part of section 51, that contracts above $300 cannot be proved orally.

The appellants, however, insist that in attempting to reduce a contract to form section 51 is not applicable, but that section 1246, *supra,* of the Civil Code is. We have already considered that section to some extent, and it seems to us illogical to say that despite the provisions of section 51, when a contract is oral the parties may compel a reduction to writing, merely because a promissory note must be in writing. To compel that form, as we have intimated, presupposes an existing contract, but to prove it oral proof is prohibited. The case is strengthened where a contract of suretyship is concerned, which should always be in writing. Section 440, Code of Commerce. As showing the application of section 51 of the Code of Commerce the following cases are applicable: *Loíza Sugar Co.* v. *Baquero,* 29 P. R. R. 803; *Morales* v. *Blanco,* 15 P. R. R. 222; *Cintrón* v. *Fernández,* 22 P. R. R. 450.

Appellants maintain that section 51 of the Code of Commerce has been repealed by the Law of Evidence. The law of evidence is taken from California and there is a high probability that the Statute of Frauds prevails there which requires certain contracts to be in writing and especially when in a sale the amount involved is greater than £50, or $250.

Sections 103 and 104 of the Law of Evidence covers the case. They are as follows:

"Sec. 103.—The law makes certain evidence necessary to the validity of particular acts, or the proof of particular facts.

"Sec. 104.—The evidence necessary to the validity and proof of wills and certain contracts is such as is provided in the civil code and that necessary to the proof of certain crimes is such as provided in the penal laws."

The Civil Code in various articles recognizes the existence of the Code of Commerce. Section 1076, in discussing interest, says that in commercial transactions the provisions of the Code of Commerce shall be observed and sections 1504 and 1602 recognize its existence. Section 1212 provides that "Evidence of witnesses shall be admissible in all cases in which it should not have been expressly forbidden." Repeals by implication are not favored and we find no intention to repeal section 51 in the provisions of the law of evidence that permit a single witness to prove a fact, section 18; nor in section 9 that sets out what is direct evidence; nor yet in the section defining who is a witness, section 37, all cited by appellant.

It is almost idle to discuss the presentation of the notes signed by Ortiz as additional proof to take the case out of section 51. Each of these notes was clearly *res inter alios acta*.

Nor have we any doubt that 1,500 *pesetas* means $300. We have so understood frequently.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.